IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOEL RODRIGUEZ CANTU,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:05-CV-0467-Y |
| | § | |
| DOUGLAS DRETKE, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL INSTITUTIONS<br>DIVISION,<br>　　　Respondent. | §<br>§<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Joel Rodriguez Cantu, TDCJ-ID #1106804, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Pampa, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In May 2001, Cantu was charged with injury to a disabled person in the 213th Judicial Court

of Tarrant County, Texas. (State Habeas R. at 104.) The indictment also included enhancement and habitual offender allegations. (*Id.*) On June 4, 2002, a jury found Cantu guilty of the offense and, on June 5, 2002, the jury found the enhancement and habitual offender paragraphs true and assessed his punishment at twenty-five years' confinement. (*Id.* at 38, 46.) Cantu appealed his conviction, but the Second District Court of Appeals affirmed the trial court's judgment on April 3, 2003. *Cantu v. Texas*, No. 2-02-215-CR, slip op. (Tex. App.–Fort Worth Apr. 3, 2003) (not designated for publication). The Texas Court of Criminal Appeals refused Cantu's petition for discretionary review on September 10, 2003. *Cantu v. Texas*, PDR No. 928-03. On August 26, 2004, Cantu filed a state application for writ of habeas corpus raising the claims presented herein, which was denied by the Texas Court of Criminal Appeals without a hearing or written order on the findings of the trial court on June 29, 2005. *Ex parte Cantu*, No. 58,650-02, at cover. Cantu filed this federal petition for writ of habeas corpus on July 7, 2005. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

The evidence at trial established that Cantu lived with Patty Cruz, who suffered from cerebral palsy and severe mental depression. (3Reporter's R. at 7-8.) Cruz relied on Cantu to help around the house and financially. (*Id.* at 10-11.) On the night of April 19, 2001, Cruz and Cantu went to Mermaid's, a karaoke bar, for dinner and drinks. (*Id.* at 11-12.) When checking out, Cantu's credit card was denied, and he became irate. (*Id.* at 13, 57, 92, 113.) Cruz paid with her credit card, which led to a confrontation between the two. (*Id.* at 55, 92, 114.) Cantu slapped Cruz, and Cruz got up and left the bar. (*Id.* at 92-95.) In the parking lot, Cruz got into the car and locked the doors. (*Id.* at 58-61.) Cantu broke the key off in the door and was eventually able to get his arm in through the window to unlock the door. (*Id.* at 60, 95-97, 116.) Terri Williams, a bartender at Mermaid's, went out to the car and attempted to protect Cruz. (*Id.* at 57-63, 96.) However, Cantu hit Cruz with his

2

open hand and his fist on the face and shoulder and tried to yank her out of the car. (*Id.* at 60-61, 66, 97.) He then went around to the passenger side of the car and hit Williams. (*Id.* at 61-62, 98, 116-17.) Two other employees intervened at that point and struggled with Cantu. (*Id.* at 95-99, 116-18.) The police arrived shortly thereafter, and Cantu was arrested. (118-19, 43.) Cruz reported the events to the police that night, but at trial she denied any memory of the assault. (*Id.* at 15-50.) Cantu did not testify.

### D. ISSUES

Cantu raises the following issues in four grounds:

(1)   Factually insufficient evidence to support the verdict;

(2)   Plain error requiring reversal for new trial with conflict-free counsel;

(3)   Denial of due process by the state's failure to preserve evidence; and

(4)   Ineffective assistance of trial and appellate counsel. (Petition at 7.)

### E. RULE 5 STATEMENT

Dretke believes that Cantu has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 4.)

### F. DISCUSSION

#### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

2. Factual Sufficiency of the Evidence

Cantu claims the evidence was factually insufficient to support the jury's verdict because the state presented only the biased testimony of witnesses involved in the altercation regarding the element of bodily injury, instead of photographs or medical reports.[1] (Pet'r Memorandum at 2.) A factual insufficiency claim does not implicate any federally-secured right and, thus, is not cognizable on federal habeas corpus review. *Fox v. Johnson*, No. 4:00-CV-291-Y, 2001 WL 432247, at *2 (N.D. Tex. Apr. 20, 2001), *adopted*, 2001 WL 540215 (N.D. Tex. May 17, 2001). *See also Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002) (providing standard of review for factual-sufficiency claim is "rooted in the Texas Constitution"). Thus, this claim is not addressed.

3. Motion For Continuance

Cantu claims the trial court erred by denying his oral motion for continuance to hire retained counsel on the day of trial. (Pet'r Memorandum at 3-4.) According to Cantu, his and his court-appointed attorney's interests had diverged as to the defensive course of action and his attorney had "opininated" himself against Cantu, thus creating a conflict. On the day of trial, Cantu requested a continuance to hire an attorney because he felt his court-appointed attorney Bill Ray had not been working on this case in his best interest and because he did not feel he was getting a "fair shake." (2Reporter's R. at 3-4.) Cantu asserts that his remarks should have prompted the trial court to inquire more particularly as to the basis and nature of the attorney-client conflict and that the court should have granted his motion for continuance. (*Id.*)

---

[1] Although Cantu cites to one or more cases relevant to a legal-sufficiency-of-the-evidence claim, he clearly sets forth the standard of review for a factual-sufficiency claim under state law. *See Clewis v. Texas*, 922 S.W.2d 126, 129-36 (Tex. Crim. App. 1996). Furthermore, the state courts considered and addressed the claim as only a factual-sufficiency claim.

The Sixth Amendment right to counsel in a criminal proceeding has long been construed to include a criminal defendant's qualified right to retain counsel of the defendant's own choosing. *See Newton v. Dretke*, 371 F.3d 250, 255-56 (5th Cir.), *cert. denied*, 125 S. Ct. 441 (2004); *United States v. Hughey*, 147 F.3d 423, 429 (5th Cir. 1998). The right is not absolute. *Id.* Rather, what is required is that the defendant be given a fair or reasonable opportunity to obtain counsel of his choice. *See United States v. Paternostro*, 966 F.2d 907, 912 (5th Cir. 1992). When a defendant has been given a reasonable opportunity to do so, the court retains broad discretion in evaluating a request for a continuance. *See Ungar v. Sarafite*, 376 U.S. 575, 590-91 (1964). A trial court abuses its discretion only if the denial of a continuance is so arbitrary and fundamentally unfair as to violate the constitutional principles of due process. *See Skillern v. Estelle*, 720 F.2d 839, 850 (5th Cir. 1983). Accordingly, to prevail, a petitioner must show that the failure to grant a continuance harmed the defense. *See United States v. Pollani*, 146 F.3d 269, 272 (5th Cir. 1998).

Several factors are examined when reviewing a state court's denial of a motion for continuance that a defendant claims interfered with his opportunity to obtain his own counsel: (1) the length of the delay requested; (2) whether other counsel has been retained and is adequately prepared to try the case; (3) whether other continuances have been requested and granted; (4) the balanced convenience or inconvenience to litigants, witnesses, opposing counsel and the court; (5) whether the requested delay is for a legitimate reason, or whether it is dilatory and contrived; and (6) whether there are other unique factors present.[2] *See Newton*, 371 F.3d at 255.

The state appellate court evaluated these factors, and others, as applied to Cantu's claim and

---

[2]Under Texas law, a state court may consider additional factors not listed. *See Cantu*, No. 2-02-215-CR, op. at 13; *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982).

6

found no abuse of discretion or denial of due process. *See Cantu*, No. 2-02-215-CR, op. at 11-15. Cantu has not demonstrated that the state court's adjudication of the matter resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).

Cantu also claims the trial court erred by failing to conduct an inquiry into the nature of the conflict between him and his attorney after he expressed his dissatisfaction with counsel. (2Reporter's R. at 2-6.) Cantu relies largely on *Cuyler v. Sullivan*, 446 U.S. 335 (1980), and similar authorities involving multiple representation. Those cases are inapposite to his situation. Cantu's conflict-of-interest contention is governed by the standards of *Strickland v. Washington*, 466 U.S. 688 (1984), and is addressed below. *See United States v. Newell*, 315 F.3d 510, 516 (5th Cir. 2002); *Beets v. Scott*, 65 F.3d 1258, 1265-72 (5th Cir. 1995).

### 4. Preservation of Evidence

Cantu claims a due process violation occurred because the state failed to collect and preserve any evidence to show Cruz's alleged injuries. (Pet'r Memorandum at 4-5.) *See Brady v. Maryland*, 373 U.S. 83 (1963). According to Cantu, law enforcement officers should have followed standard protocol and procedures and had Cruz medically examined or taken photographs of Cruz's face to support the element of bodily injury.

There are three components of a *Brady* violation: the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; the evidence must have been suppressed by the state, either willfully or inadvertently; and prejudice must have ensued. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Cantu cannot demonstrate the second component.

7

While the state has an affirmative duty to disclose under *Brady*, there was no medical examination of Cruz or photographs taken of Cruz's injuries by law enforcement officers. (State Habeas R. at 88.) There is no general duty on the part of the state or law enforcement to create evidence in the first place. *See United States v. Artega*, 807 F.2d 424, 426 (5th Cir. 1986). Without suppression, there is no *Brady* violation.

### 5. Ineffective Assistance of Counsel

Cantu claims he received ineffective assistance of trial counsel because Ray failed to adequately prepare for trial and present statutory defenses and was "opinated against him," thus creating a conflict between the two. (Pet'r Memorandum at 6-8.) He claims appellate counsel J. R. Molina was ineffective by failing to raise one or more of the issues presented in this petition. (*Id.* at 8.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland*, 466 U.S. at 688; *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny

of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Strategic choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690.

Where, as here, a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the state court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

Cantu asserted his claims in his state habeas application, however, after holding a hearing by affidavit, the trial court entered findings of fact refuting Cantu's allegations of ineffective assistance. (State Habeas R. at 85-87.). The state court's findings were largely based on the affidavits of Ray and Molina concerning their representation of Cantu. *Id.* at 60-61, 66. In turn, the Texas Court of Criminal Appeals denied relief based upon the trial court's findings. As previously noted, this constitutes an adjudication on the merits of the claims and is entitled to the presumption of correctness. *See Neal*, 286 F.3d at 235. Having independently reviewed Cantu's ineffective assistance claims in conjunction with the state court records, it does not appear that the state courts' application of *Strickland*'s attorney-performance standard was erroneous or objectively unreasonable. Thus, the state courts' adjudication of his ineffective-assistance claims is entitled to

9

the appropriate deference.

Cantu claims Ray was ineffective by failing to adequately prepare for trial and present various statutory defenses. Ray's affidavit, however, reflects that he consulted with Cantu and Cruz about the facts of the case, went to the crime scene with a private investigator and took pictures, and was aware of relevant statutory law and definitions. (State Habeas R. at 61-62.) The affidavit further reflects that Ray did not present statutory defenses because the evidence did not raise the defenses and the defenses were inapplicable. (*Id.* at 62.) A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness. *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). Ray's reason for not presenting defenses he believed were not viable was sound trial strategy. Moreover, Cantu's vague assertions of an attorney-client conflict before his trial began are insufficient to show that a conflict actually existed or that a hearing on the matter was needed. *See United States v. Vasquez*, 298 F.3d 354, 360 (5th Cir. 2002). Even if he could demonstrate a conflict, any such conflict does not appear to have adversely affected Ray's performance.[3]

Cantu claims Molina was ineffective by failing to raise his failure-to-preserve-evidence and ineffective assistance claims on direct appeal. Appellate counsel, however, is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Robbins*, 528 U.S. at 288. It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). Counsel is not

---

[3]Ray admitted in his affidavit that Cantu was extremely disagreeable, arrogant, and rude at every instance. (State Habeas R. at 61.)

ineffective when he fails to present non-meritorious grounds, such as Cantu's failure-to-preserve claim, on appeal. *See Smith v. Collins*, 977 F.2d 951, 962 (5th Cir. 1992) (providing counsel not required to raise frivolous issues on appeal). Further, as noted by Molina, the trial record was insufficient to raise Cantu's ineffective assistance claims. (State Habeas R. at 69-71.) For that reason, as a matter of state law, a postconviction habeas application, and not direct appeal, is generally the appropriate vehicle for bringing forth an ineffective assistance claim. *See Robinson v. Texas*, 16 S.W.3d 808, 810-11 (Tex. Crim. App. 2000); *Thompson v. Texas*, 9 S.W.3d 808, 813-14 n.5-6 (Tex. Crim. App. 1999).

## II. RECOMMENDATION

Cantu's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 3, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 3, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 13, 2005.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE